```
               UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

**SCCY Industries, LLC**

    v.                                             Case No. 21-cv-281-PB
                                                       Opinion No. 2021 DNH 113

**Pragmatic Consulting, Inc.**


**MEMORANDUM AND ORDER**

This case arises from a contract that SCCY Industries, LLC entered into with Pragmatic Consulting, Inc.  SCCY sued Pragmatic and Pragmatic responded with a series of counterclaims.  SCCY has moved to dismiss two of those counterclaims — one for unjust enrichment and one for quantum meruit.

**I.   BACKGROUND**

Pragmatic agreed to provide consulting services to SCCY pursuant to a document the parties refer to as the "Epicor ERP Consulting Contract Agreement" ("Agreement").  The Agreement incorporates by reference an "Assessment Report" that Pragmatic prepared to describe the scope of work to be provided pursuant to the Agreement.  The Agreement authorizes Pragmatic to bill for both consulting services incurred "in accordance with" the Assessment Report and certain expenses incurred while performing covered consulting services.  The Agreement also states that Pragmatic will be paid for expenses incurred "outside the scope

of normal operations" only if they are approved in advance by SCCY.

## II. <u>ANALYSIS</u>

Pragmatic's unjust enrichment and quantum meruit claims are based on the premise that Pragmatic performed valuable services for SCCY in addition to the services covered by the Agreement. SCCY suggests that these claims cannot succeed because the subject of the claims is governed by an enforceable contract. I disagree.

Although SCCY supports its argument by citing the clause in the Agreement that prohibits Pragmatic from recovering for expenses "incurred outside the scope of normal operations" unless they are approved in advance by SCCY, that provision is not controlling because Pragmatic is seeking to recover for consulting services rather than expenses. SCCY's reliance on <u>Axenics, Inc. v. Turner Construction Co.</u>, 164 N.H. 659, 670 (2013) is also misplaced because the New Hampshire Supreme Court held in that case that the plaintiff could not recover on an unjust enrichment theory for services that were covered by a contract. In the present case, in contrast, Pragmatic's unjust enrichment and quantum meruit claims are based on its contention that it provided valuable services to SCCY that were not covered by the Agreement.

SCCY also complains that the unjust enrichment and quantum meruit claims are not sufficiently developed to withstand a motion to dismiss.  While it is unlikely that either claim will survive a properly supported motion for summary judgment unless additional facts are developed during discovery, the claims as pleaded are minimally sufficient to state plausible claims for relief.  Accordingly, I deny SCCY's motion to dismiss (doc. no. 15).[1]

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

July 21, 2021

cc:  Counsel of Record

---

[1] I determined after reviewing the pleadings that no purpose would be served by holding oral argument on the motion. Accordingly, the hearing on the motion is cancelled.